UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BRADLEY EISNER,

                         Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC,

                         Defendant.

**MEMORANDUM AND ORDER**
17-CV-01240 (LDH) (ST)

---

LaSHANN DeARCY HALL, United States District Judge:

The Court assumes the parties' familiarity with the factual background and proceedings in this matter. By Memorandum and Order dated August 20, 2019, the Court denied Defendant's motion for attorney's fees pursuant to 28 U.S.C. § 1927. (Mem & Order, ECF No. 61.) Defendant now timely moves for reconsideration. (Enhanced Recovery Co. Mem. Law Supp. Mot. Recons. ("Def.'s Mem."), ECF No. 64.); *see* Local Civ. R. 6.3 ("[A] notice of motion for reconsideration . . . of a court order determining a motion shall be served . . . in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment."). Plaintiff did not oppose.

## STANDARD OF REVIEW

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotation marks and citation omitted). Notably, "a motion to reconsider should not be granted

where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

## DISCUSSION

Prior to commencing this action in federal court, Plaintiff was approached by Wanda Frazier about disputing a debt. (Mem & Order 1.) On December 8, 2016, Frazier joined a call with Plaintiff and Defendant regarding the debt dispute, and sent a recording to of the call to the Rephen Firm. (*Id.* 2-3.) Plaintiff, represented by the Rephen Firm, then filed a complaint against Defendant, the collector for the Plaintiff's creditor, for violations of the FDCPA. (*Id.* 1-2.) In its August 20, 2019 Memorandum and Order, the Court dismissed the complaint in its entirety on a motion for summary judgment, but denied Defendant's motion for attorney's fees under 28 U.S.C. § 1927 or the Court's inherent authority. (Mem & Order 9-11.)

"To impose sanctions under either authority [§ 1927 or the Court's inherent authority], a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, 'motivated by improper purposes such as harassment or delay.'" *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)). In its initial submission to the Court, Defendant, relying on *Huebner v. Midland Credit Mgmt., Inc.*, argued that when "a person initiates a call to a collector in an attempt to trick the collector into a verbal misstep, for the person's own financial gain, sanctions are appropriately awarded for initiating the claim in bad faith and for the purposes of harassment." (Def.'s Mem. L. Supp. Mot. Attys' Fees 3, ECF No. 48 (citing 897 F.3d 42 (2d Cir. 2018), *cert. denied sub nom. Huebner v. Midland Credit Mgmt.*, 139 S. Ct. 1282 (2019)).) Furthermore, according to Defendant, the connection between the Rephen Firm and Frazier, and the Rephen Firm's history of representing other plaintiffs in similar, frivolous litigation demonstrates bad faith. (*Id.* at 5-6, 8-9.) In its initial memorandum

and order, the Court noted at the outset of its analysis that there was "no doubt" that the claims in this action were entirely without merit. (Mem & Order 9.) However, nothing proffered by the Defendant, including the relationship between Frazier and the Rephen Firm nor the Rephen Firm's history of representing other plaintiffs in similar litigation against Defendant, was sufficient to support a finding of bad faith. (Mem & Order 10.) Defendant argues that its motion for reconsideration should be granted because the Court overlooked both controlling caselaw and facts, and is necessary to prevent manifest injustice. (Def.'s Mem. 2, 12.) The Court disagrees.

Defendant first argues that the Second Circuit's decision in *Huebner v. Midland Credit Mgmt., Inc.* mandates reconsideration because the *Huebner* court affirmed the district court's finding of bad faith based on facts "strikingly similar" to this case. (Def.'s Mem. 4.) To be sure, *Huebner*, like here, dealt with a debt-dispute where the creditor allegedly violated the FDCPA in responding to the caller, and the case hinged on a recording of the conversation between the debtor and creditor. 897 F.3d at 47-48. There, the district court also dismissed the claims on a motion for summary judgment, as the recording provided no material issue of fact for trial. *Id.* at 49. However, on the relevant facts—the procedural history of the law firm's conduct which formed the basis for the § 1927 sanctions—*Huebner* is not analogous as the law firm's actions in *Huebner* went far beyond what occurred in this case. Like here, the law firm in *Huebner* "misrepresented to the court that [defendant] told [plaintiff] that he could only dispute his debt in writing" and the district court found that the claim "had no basis in the FDCPA." *Id.* at 55. However, in *Huebner* the law firm did not stop there. The law firm moved to recuse the district court judge on frivolous grounds after an adverse ruling and "time and time again filed letters exceeding the court's page limit and ignored procedures set out in the court's protective order." *Id.* The Second Circuit found that the law firm's "oppressive tactics" at the initial status

conference and "willful violations of court orders" justified the district judge's § 1927 fee award. *Id.* Here, there were no ongoing oppressive tactics and consistent violations of court orders. The Court did thus not overlook *Huebner* in denying Defendant's motion for attorney's fees under § 1927. Rather, the Court does not find the situation here to be sufficiently analogous to *Huebner* to mandate reconsideration of its initial ruling that Defendant is not entitled to fees under § 1927.

Next, Defendant cites to several additional factual bases that it argues the Court overlooked and that support a finding of bad faith. (Def.'s Mem. 8-9.) In doing so, Defendant mischaracterizes the record and provides sweeping assertions without legal support.

Defendant presses that Frazier testified that she disputed 100% of the accounts in collection in her prior employment. (Def.'s Mem. 6.) Defendant contends that her 100% dispute rate, in a prior employment unrelated to the dispute in this case, was "patently improper, and, in fact, fraudulent . . . because it evidences a complete disregard for whether a good faith basis existed for disputing an account." (Def.'s Mem. 6.) This argument fails on every level. Elsewhere in its submission, Defendant sates that Frazier only brought cases to the Rephen Firm where she believed an FDCPA violation had occurred. (Def.'s Mem. 6-7.) Any argument of lack of good faith is therefore inconsistent with Defendant's own recitation of the facts. Furthermore, the FDCPA does not require "good faith" to dispute a debt  And, Frazier's prior practices in her previous employment have no bearing on the dispute here.

Defendant next contends that the Court overlooked the Rephen Firm's unlawful compensation of Frazier, which included compensation of Frazier on a per-case basis, a financial stake in the funds recovered by potential plaintiffs, and in-kind compensation by registering a domain name for Frazier. (Def.'s Mem. 7.) At most, Defendant has established that she was compensated for providing evidence for use in potential FDCPA cases. Compensation alone

4

does not mean that any one claim was brought to Defendant in bad faith by Frazier. And to sustain a § 1927 sanction claim, Defendant must show that the motivation was an "improper purposes such as harassment or delay." *Huebner,* 897 F.3d at 55. There are no facts to support a finding that Frazier was motivated by such an improper purpose. Rather, as Defendant recounts, Frazier brought cases to the Rephen Firm when she believed an FDCPA violation had occurred. (Def.'s Mem. 6-7.)

Defendant further argues that Frazier received a $600 loan the day before she signed a "sham affidavit," which contradicted her prior testimony and attested to information beyond her personal knowledge. (Def.'s Mem. 7.) The record indicates that Frazier requested this loan to pay for costly medical bills. (Def.'s 56.1, Ex. 1 at 00019, ECF No. 36-1.) However, Defendant—without a single legal or record cite—argues that this loan was meant to improperly influence Frazier to file the sham affidavit. (Def.'s Mem. 9.) Defendant's repeated use of the word "sham," (Def.'s Mem. 5-9), does not provide the Court with any previously overlooked basis to support a finding of bad faith.

Lastly, Defendant relies on previously uncited caselaw in reiterating its contention that Mr. Rephen's refusal to answer deposition questions about the relationship between the Rephen Firm and Frazier supports an adverse inference that the Rephen Firm illegally paid Frazier to manufacture Plaintiff's claims under the law. (Def.'s Mem. 11.) Such an argument misses the mark. While a Court may "draw appropriate adverse inferences from [a] refusal to testify fully," the refusal to testify may not be "the sole factor on which sanctions are based." *Air-India v. Goswami*, No. 91 CIV. 7290 (JSM), 1993 WL 403999, at *7 (S.D.N.Y. Oct. 5, 1993). Rather, in considering a motion for sanctions, "a defendant's silence is only one of a number of factors to be considered by the finder of fact in assessing a penalty, and is to be given no more probative

5

value than the facts of the case warrant." *Resnik v. Coulson, No.* 17-CV-676, 2019 WL 2256762, at *8 (E.D.N.Y. Jan. 4, 2019) (granting plaintiffs' motion for spoliation sanctions and relying, in part, on adverse inferences drawn from the defendant's invocation of the Fifth Amendment privilege), *report and recommendation adopted,* No. 17-CV-676, 2019 WL 1434051 (E.D.N.Y. Mar. 30, 2019). The Court did not previously hold that an adverse inference is irrelevant to an inquiry into bad faith. The Court previously found that an adverse inference alone would not satisfy the high degree of factual specificity required to sustain a sanctions award. (Mem & Order 10-11.) Indeed, Defendant concedes the Court may not solely rely on an adverse inference to establish the Rephen's Firm bad faith. (Def.'s Mem. 11-12.) As the Court has now found that there are no other factual bases to support a finding of bad faith, any adverse inference the Court might draw against the Rephen Firm would be insufficient to sustain a claim for sanctions. Accordingly, the Court declines to consider whether Defendant is entitled to an adverse inference here.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
      November 13, 2020

/s/ LDH  
L<span>A</span>SHANN D<span>E</span>ARCY HALL  
United States District Judge