UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BRADLEY EISNER,

                               Plaintiff,                        **REPORT AND RECOMMENDATION**

   -against-

                                                                17-CV-1240 (LDH) (ST)

ENHANCED RECOVERY COMPANY, LLC,

                              Defendant.
-----------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

      On January 12, 2017, Plaintiff Bradley Eisner ("Plaintiff") commenced this action in New York City Civil Court against Defendant Enhanced Recovery Company, LLC ("Defendant"), alleging, *inter alia*, that Defendant violated 15 U.S.C. § 1692 *et seq.*, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") when they refused an oral request by Plaintiff's non-attorney representative to dispute a debt. *See* Notice of Removal, Ex. 2 ("Compl."), ECF No. 1-2.  On March 3, 2017, the case was removed to the Eastern District of New York pursuant to 20 U.S.C. § 1446. *See* Notice of Removal, ECF No. 1.  Since then, the relationship between the non-attorney representative and the law firm representing Plaintiff, M. Harvey Rephen and Associates, P.C, (the "Rephen Firm") was put at issue, leading to the Rephen Firm and its named principal ("Rephen") being subpoenaed by Defendant to testify. *See* Min. Entry & Scheduling Order, No. 17-CV-1240 (E.D.N.Y. April 20, 2018); *see* Def.'s Mot. to Compel, ECF No. 28.

    Rephen repeatedly failed to comply with subpoenas and other court orders, leading to the District Court twice awarding Defendant sanctions in the form of reasonable costs and attorney's fees. *See* Order, No. 17-CV-1240 (E.D.N.Y. Sept. 5, 2018) ("Sept. 2018 Order"), ECF No. 40;

1


*see* Mem. & Order, No. 17-CV-1240 (E.D.N.Y. Aug. 20, 2019) ("Aug. 2019 Order"), ECF No. 61. On January 21, 2021, Defendant filed this Motion to Liquidate the Sanction Awards (Def.'s Mot. to Liquidate, ECF No. 76), which was referred to this Court by the Honorable LaShann DeArcy Hall. Order, No. 17-CV-1240 (E.D.N.Y. June 4, 2021). For the reasons stated below, this Court respectfully recommends that the Defendant's Motion be GRANTED and that Defendant be awarded the reduced amounts of $23,268 in attorneys' fees, and $6,633.31 in costs.

### I.    BACKGROUND

This action arises from a phone call between Defendant Enhanced Recovery Company, LLC ("Defendant"), Plaintiff Bradley Eisner ("Plaintiff"), and Plaintiff's non-attorney representative, Wanda Frazier ("Frazier"). *See* Mem. and Order, No. 17-CV-1240 (E.D.N.Y. Aug. 20, 2019) ("Aug. 2019 Order"), ECF No. 61[1]. On December 8, 2016, Frazier and Plaintiff together called Defendant, a debt collector, to dispute a debt on Plaintiff's credit report. *Id.* During the call, Frazier discovered a second debt, which she requested to dispute orally over the phone. *Id.* Frazier recorded the call and sent that recording to M. Harvey Rephen ("Rephen"), the principal at M. Harvey Rephen & Associates, P.C. (the "Rephen Firm"). *Id.*

On January 12, 2017, Plaintiff filed this action in New York City Civil Court alleging violations of Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, during the December 8, 2016 phone call. *See* Notice of Removal, Ex. 2 ("Compl."), ECF No. 1-2. On March 3, 2017, the case was removed to the Eastern District of New York pursuant to 20 U.S.C. § 1446. *See* Notice of Removal, ECF No. 1. From its inception, Plaintiff has been represented in

---

[1] The facts contained herein are based on the District Court's findings in its Memorandum and Order granting Defendant's Motion for Summary Judgment and ordering the firm representing Plaintiff to pay Defendant's reasonable expenses, including attorney's fees. *See* Mem. and Order, No. 17-CV-1240 (E.D.N.Y. Aug. 20, 2019), ECF No. 61.

this case by the Rephen Firm. *See* Compl., ECF No. 1-2.

Upon the close of discovery on December 20, 2017, the parties proceeded to dispositive motion practice. Min. Entry, No. 17-CV-1240 (E.D.N.Y. Dec. 27, 2017), ECF No. 18. Following a pre-motion conference on April 20, 2018, the District Court reopened discovery for the limited purpose of examining of the relationship between Frazier and the Rephen Firm. *See* Min. Entry & Order, No. 17-CV-1240 (E.D.N.Y. Apr. 20, 2018). Thereafter, the District Court ordered the Rephen Firm to produce documents and to prepare to produce a corporate designee to testify at a deposition. Min. Entry, No. 17-CV-1240 (E.D.N.Y. July 13, 2018).

Rephen is the sole corporate representative of the Rephen firm. *See* Pl.'s Letter in Resp. to Def.'s Mot. to Compel, ECF No. 29. Defendant subpoenaed Rephen to testify at a deposition scheduled for June 25, 2018, but Rephen failed to appear. *See* Min. Entry, No. 17-CV-1240 (E.D.N.Y. July 13, 2018). The District Court ordered Rephen to appear at a future deposition and warned him that failure to do so would result in sanctions and potential referral to the appropriate disciplinary body. *Id.* The parties scheduled another deposition for August 1, 2018, and Rephen again failed to appear. Def.'s Req. for Sanctions, ECF No. 32. Accordingly, Defendant requested *inter alia* that the District Court issue sanctions against him. *Id.*

Lindsay A. Lewis, Esq. ("Lewis") filed a Notice of Appearance on behalf of Rephen and the Rephen Firm on August 9, 2018 (*see* Lewis Notice of Appearance, ECF No. 33), and requested that the District Court reserve decision on whether to sanction him (Rephen Resp. to Def.'s Req. for Sanctions, ECF No. 35). In response to service on Rephen of yet another subpoena to testify, on September 4, 2018 Lewis filed a letter with the District Court requesting that Rephen's appearance be excused because he wished to assert his Fifth Amendment privilege against self-incrimination. Rephen Resp. to Aug. 23, 2018 Subpoena, ECF No. 38.

On September 5, 2018, the District Court granted Defendant's request for sanctions, to the extent that Rephen and the Rephen Firm were required to compensate Defendant for its attorney's fees and costs related to the depositions scheduled for June 25, 2018 and August 1, 2018, and ordered Rephen to appear and testify no later than October 1, 2018 or face additional sanctions. *See* Order, No. 17-CV-1240 (E.D.N.Y. Sept. 5, 2018) ("Sept. 2018 Order"), ECF No. 40. In responding to Rephen's Fifth Amendment argument, the District Court explained that the privilege against self-incrimination neither released him from his responsibility to attend the deposition in his individual capacity, nor applied to his designation as the sole corporate representative of the Rephen Firm. *Id.; see* Am. Order, Order, No. 17-CV-1240 (E.D.N.Y. Sept. 8, 2018); *see also Braswell v. United States*, 487 U.S. 99, 108-09 (1988).

The parties scheduled another deposition for September 28, 2018. *See* Aug. 2019 Order, ECF No. 61. This time, Rephen appeared. *Id.* He did not, however, heed the District Court's warnings and instead refused to answer all but the most basic questions under the guise of asserting his Fifth Amendment privilege. *Id.; see* Rephen Dep. Tr., ECF No. 44-1. Consequently, on August 20, 2019, the District Court granted Defendant's Motion for Summary Judgment, ordering the Rephen Firm, pursuant to Rule 37(b)(2)(C), to pay Defendant's reasonable expenses and attorney's fees related to the September 28, 2019 deposition, and dismissed the case. Aug. 2019 Order, ECF No. 61.

On January 21, 2021, Defendant filed this Motion to Liquidate the two Sanction Awards ("Def's Mot. to Liquidate," ECF No. 76) for a total award of $23,330.60 in attorney's fees and $6,703.31 in costs. *See* Decl. of Scott S. Gallagher ("Gallagher") in Supp. Of Def.'s Mot. to Liquidate ("Gallagher Decl."), ECF No. 76. Plaintiff has indicated by letter that they will not oppose the Motion. Pl.'s Letter, ECF No 75. Therefore, it being fully briefed with Defendant's

4

submissions alone, the Honorable LaShann DeArcy Hall referred the Motion to this Court for a Report and Recommendation. Order, No. 17-CV-1240 (E.D.N.Y. June 4, 2021).

## II. DISCUSSION

### a. Attorney's Fees

A district court has broad discretion to sanction a party for discovery abuses and other litigation misconduct, whether exercising its inherent power or acting pursuant to the Federal Rules of Civil Procedure. *Gao v. Perfect Team Corp.*, No. 10-CV-1637, 2014 WL 2465589, at *4 (E.D.N.Y. May 30, 2014); *Curcio v. Roosevelt Union Free School Dist.*, 283 F.R.D. 102, 107 (E.D.N.Y. 2012). Federal Rule of Civil Procedure 37(b)(2)(C) provides that, if a party fails to obey a court order to provide or permit discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Absent sufficient justification, an award of fees under Rule 37(b) is mandatory. *See John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1177 (2d Cir. 1988); *Thai Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, No. 10-CV-5256 (KMW), 2011 WL 4111504, at *9-10 & n.8 (S.D.N.Y. Sept. 13, 2011); *Robbins & Myers, Inc. v. J.M. Huber Corp.*, No. 01-CV-201S(F), 2010 WL 3992215, at *5 (W.D.N.Y. Oct. 12, 2010) (noting that a fee award under Rule 37(b) "is not a matter of judicial discretion, but is required, absent substantial justification"). However, "fee applications are subject to denial where the fees have not been adequately documented." *Whitney v. JetBlue Airways Corp.*, 2009 WL 4929274, at *4 (E.D.N.Y. 2009) (citing *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992)). The party seeking fees bears the burden of proving the reasonableness and necessity of hours spent and rates charged. *E.g., Ceglia*

*v. Zuckerberg*, 2012 WL 503810, at *5 (W.D.N.Y. Feb. 14, 2012).

### i. Defendant's Records

"Contemporaneous time records are a prerequisite for attorney's fees in this Circuit." *Carey*, 711 F.2d 1136, 1147–48 (2d Cir.1983). The movant "must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (alteration in original) (internal quotation marks omitted); *see also LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 524 (S.D.N.Y. 2010) (noting that the requirement applies to paraprofessionals as well as attorneys).

Here, Defendant has submitted numerous documents in support of its motion to liquidate sanctions. *See* Gallagher Decl., ECF No. 76. This includes, *inter alia*, a declaration by Defendant's counsel, Scott S. Gallagher (*id.*), the original billing entries from Gallagher's firm in connection with this case (Gallagher Decl., Ex. D ("Original Billing Entries"), ECF No. 76-4), and an accounting of the direct costs that Defendant has incurred in this matter (Gallagher Decl., Ex. G ("List of Costs"), ECF No. 76-4). *See* Gallagher Decl. ¶ 2, 7, 11, ECF No. 76. Defendant also submitted two additional records that compiled the costs and attorney's fees as they pertained specifically to the two Orders that awarded sanctions. Gallagher Decl. ¶ 5-7, ECF No. 76; *see* Gallagher Decl., Ex. B ("Sept. 2018 Billing Record"), ECF No. 78-2); *see* Gallagher Decl., Ex. C ("Aug. 2019 Billing Record"), ECF No. 78-3.

Throughout the pendency of this case, Gallagher kept contemporaneous records of his work, and that of the other employees at his firm. *See* Gallagher Decl. ¶ 5-7, ECF No. 76; *see* Gallagher Decl., Ex. B ("Sept. 2018 Billing Record"), ECF No. 78-2); *see* Gallagher Decl., Ex. C

6

("Aug. 2019 Billing Record"), ECF No. 78-3.  The records specify the date, the hours expended, and the nature of the work completed or cost incurred, as it pertained to each attorney or paralegal. *See* Original Billing Entries, ECF No. 76-4; *see* List of Costs, ECF No. 76-4.  Plaintiff does not challenge the veracity of any of Gallagher's submissions or the calculations contained therein. *See* Pl.'s Letter, ECF No. 75.  Accordingly, the contemporaneously kept records proffered by Gallagher in support of this motion are sufficient to satisfy the contemporaneous records requirement. *See Lopalo*, 767 F.3d 144.

### ii. Reasonable Hourly Rate

In assessing an application for attorneys' fees under Rule 37, courts in this Circuit utilize the "lodestar method." *See Official Comm. of Unsecured Creditors v. Haltman*, 2016 WL 5255939, at *6 (E.D.N.Y. Sept. 21, 2016); *Lopa v. Fireman's Fund Ins. Co.*, 2014 WL 2041822, at *3 (E.D.N.Y. Apr. 30, 2014), *adopted by*, 2014 WL 2041822, at *1 (E.D.N.Y. May 16, 2014). To determine the lodestar amount, a court must determine "the number of hours reasonably expended on the litigation" and multiply that number "by a reasonable hourly rate." *Moore v. Diversified Collection Servs., Inc.*, No. 07-CV-397, 2013 WL 1622949, at *1 (E.D.N.Y. Mar. 19, 2013) (internal citations and quotation marks omitted), *adopted by*, 2013 WL 1622713 (E.D.N.Y. Apr. 15, 2013); *see also Adusumelli v. Steiner*, No. 10-CV-4549, 2013 WL 1285260, at *2 (S.D.N.Y. Mar. 28, 2013) (explaining that "[c]ourts in the Second Circuit use the familiar 'lodestar' method of calculating reasonable attorney's fees") (citing *Millea*, 658 F.3d at 166); *Dunn*, 2012 WL 676350, at *5.

The burden is on the party moving for attorney's fees to justify the hourly rates sought. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  "[C]ounsel must demonstrate that the requested rate … is consistent with 'the hourly rates employed in the district in which the

7

reviewing court sits.'" *Yu Chen v. LW Rest., Inc.*, No. 10 CV 200 ARR, 2011 WL 3420433, at *23 (E.D.N.Y. Aug. 3, 2011) (quoting *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir 2009)). The fee applicant must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. at 896 n. 11. Additionally, the Court may consider its own experience and familiarity with the case and with rates generally charged. *See Cruz. V. Local Union No. 3 of the Intl' Bhd. Of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) (noting that "[a] district court's choice of rates [is] well within [its] discretion") (alterations in original) (quoting *Cabrera v. Jakabovitz*, 24 F.3d 372, 393 (2d Cir. 1994), *cert. denied.*, 513 U.S. 876 (1994).

"The prevailing rates for attorneys in the E.D.N.Y. are approximately $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates." *Sooroojballie v. Port Auth. of New York & New Jersey*, No. 1:15-cv-01230 (WFK) (PK), 2020 WL 9934418, at *3 (E.D.N.Y. Nov. 10, 2020), *report and recommendation adopted*, No. 15-cv-01230 (WFK) (PK), 2021 WL 1827116 (E.D.N.Y. May 7, 2021) (quoting *Rudler v. Houslander & Assocs., PLLC*, No. 18-CV-7068 (SFJ)(AYS), 2020 WL 473619, at *4 (E.D.N.Y. Jan. 29, 2020)). "'[A]s to paralegals, courts in the Eastern District of New York have held that a range of $70 to $100 per hour is a reasonable fee….'" Sooroojballie. 2020 WL 9934418, at *3 (quoting *Rudler*, 2020 WL 473619, at *12); *see Litkofsky v. P & L Acquisitions, LLC*, No. 15-CV-5429 (DRH)(AKT), 2016 WL 7167955, at *10 (E.D.N.Y. Aug. 19, 2016)).

Gallagher is a partner of the law firm Smith, Gambrell & Russell, LLP, and served as lead counsel to Defendant. Gallagher Decl. ¶ 2, 8, ECF No. 78. He has been a member of the

8

Florida Bar since 2000, and is admitted to practice before three federal circuit courts of appeal and thirteen federal district courts. *See* Gallagher Decl., Ex. E ("Gallagher Bio"), ECF No. 78-5. Gallagher has extensive litigation experience, with a focus on consumer litigation defense. *Id.* Specifically, he has been counsel of record in well over one hundred consumer protection matters, including numerous class action lawsuits. Gallagher Decl. ¶ 3, ECF No. 78. Gallagher's billable rate is $395.00 per hour of work. Gallagher Decl. ¶ 8, ECF No. 78.

Gallagher was primarily assisted on the case by his then associate, Richard Rivera ("Rivera"). *Id.* Rivera is also admitted to the Florida Bar, as well as the United States Court of Appeals for the Seventh Circuit and seven federal district courts. *See* Gallagher Decl., Ex. F ("Rivera Bio"), ECF No. 78-6. Rivera focuses on commercial litigation, with a special emphasis on defending actions brought under consumer protection statutes. *Id.* According to Gallagher, at the time of this motion, Rivera had assisted him in over one hundred consumer protection cases. Gallagher Decl. ¶ 8, ECF No. 78. Notably, Rivera has since been promoted from associate to partner at the firm. *See* Rivera Bio, ECF No. 78-6. At the time of his work on this case as an associate, however, Rivera's billable rate was $260.00 per hour of work. Gallagher Decl. ¶ 8, ECF No. 78.

The two attorneys were assisted by a paralegal, Michelle Howell ("Howell"). *Id.* ¶ 9. Gallagher claims that her contributions were made to "minimize costs." *Id.* Howell's billable rate is $160.00 per hour of work. *Id.*

Gallagher states that based upon his purported familiarity with the prevailing hourly rates charged by comparable law firms for "litigation in the greater New York area, including in consumer protection matters…." it is his "reasonable belief that the rates charged … are commensurate or below that of other area law firms for this time of litigation." *Id.* ¶ 10, 12.

9

Based on the Court's own knowledge of the rates generally charged by comparable law firms in consumer protection matters in the Eastern District of New York, the requested hourly rates for Gallagher and Rivera fall into the acceptable range for attorneys of their respective titles and experience at the time the work was performed[3]. *See Phillip Morris*, 190 F. Supp. 2d at 426-29; *Weil*, 188 F. Supp. 2d at 269.  However, the requested hourly rate for Howell of $160 per hour, falls well outside the prevailing hourly rate of between $75.00 and $100.00 for paralegals in this District. *See Thomas v. City of New York*, No. 14-CV-7513 (ENV) (VMS), 2017 WL 6033532, at *6 (E.D.N.Y. Dec. 1, 2017) (collecting cases).  Accordingly, the Court respectfully recommends that Gallagher and Rivera be awarded their requested hourly rates of $395 and $260, respectively, and that the award for Howell be reduced from $160 to $100 per hour.

### iii. Hours Expended

In addition to evaluating the reasonableness of the hourly rate sought, the Court must also consider whether the "number of hours for which compensation is sought is reasonable." *Monge v. Glen Cove Mansion Hosp., LLC*, No. 18-CV-7229 (SJF)(SIL), 2020 WL 1666460, at *7 (E.D.N.Y. Apr. 2, 2020).  "The fee applicant bears the burden to show that the hours spent are not excessive, redundant, or otherwise unnecessary." Sooroojballie, 2020 WL 9934418, at *6 (E.D.N.Y. Nov. 10, 2020) (citing *Monge*, 2020 WL 1666460, at *7).

In relevant part, Defendant submitted the Billing Records in support of the instant Motion. *See* Sept. 2018 Billing Record, ECF No. 78-2; *see* Aug. 2019 Billing Record, ECF No. 78-3.  These records reflect a total of 73.2 hours expended in relation to the two Orders. *See id.* According to the Billing Records, Gallagher spent a total of 42.4 hours on this portion of the

---

[3] For purposes of this inquiry, the Court considers Rivera to be a senior associate, as evidenced by his elevation to Partner during the pendency of this case.

case, Rivera spent a total of 21.5 hours on this portion of the case, and Howell spent a total of 9.3 hours on this portion of the case. *See id.*

The Court has reviewed Defendant's submissions and does not find any of the time spent to be excessive, redundant, or otherwise unnecessary. *See Monge*, 2020 WL 1666460, at *7; *see also* Sept. 2018 Billing Record, ECF No. 78-2; *see also* Aug. 2019 Billing Record, ECF No. 78-3. Moreover, while not dispositive, Plaintiff has had an opportunity to review all of Defendant's submissions and has chosen not to offer any opposition or objection. *See* Pl.'s Letter, ECF No 75. Accordingly, the Court respectfully recommends that the hours proffered by Defendant be found reasonable.

### *iv.* Calculating the Recommended Attorney's Fee Award

Defendant requested an award of $23,330.60 in attorney's fees. *See* Gallagher Decl. ¶ 13, ECF No. 78. This is a total purportedly reached by combining the subtotal of $14,412 in fees from the Sep. 2018 Billing Record (*see* Sept. 2018 Billing Record, ECF No. 78-2) with the subtotal of $8,918.60 from the Aug. 2019 Billing Record (*see* Aug. 2019 Billing Record, ECF No. 78-3).

As discussed, *supra*, the Court recommends finding Gallagher's billing rate of $395 per hour, and Rivera's billing rate of $260 per hour, as reasonable. According to the Billing Records, Gallagher and Rivera spent a total of 42.4 hours and 21.5 hours, respectively, on the relevant portions of the case. *See* Sept. 2018 Billing Record, ECF No. 78-2; *see* Aug. 2019 Billing Record, ECF No. 78-3. Therefore, Gallagher's fee should be $16,748[4], and Rivera's fee should be $5,590[5].

---

[4] $395 * 42.4 hours = $16,748.
[5] $260 * 21.5 hours = $5,590.

11

The Court also recommends reducing the proposed paralegal billing rate from $160 to $100 per hour for Howell. According to the Billing Records, Howell spent a total of 9.3 hours on the relevant portions of the case. *See* Sept. 2018 Billing Record, ECF No. 78-2; *see* Aug. 2019 Billing Record, ECF No. 78-3. Therefore, Howell's total fee should be $930[6]

Accordingly, the Court respectfully recommends that the District Court award Defendant a reduced total of $23,268[7] in fees.

### b. Costs

The District Court, in each of the orders relevant here, awarded Defendant costs. *See* Sept. 2018 Order, ECF No. 40; *see* Aug. 2019 Order, ECF No. 61. Defendant requested an award of $6,703.31 in costs. *See* Gallagher Decl. ¶ 13, ECF No. 78. This is a total purportedly reached by combining the subtotal of $3,922.20 in costs from the Sep. 2018 Billing Record (*see* Sept. 2018 Billing Record, ECF No. 78-2) with the subtotal of $2,711.11 in costs from the Aug. 2019 Billing Record (*see* Aug. 2019 Billing Record, ECF No. 78-3). However, the cost calculation is incorrect. The sum of $3,922.20 (*see* Sept. 2018 Billing Record, ECF No. 78-2) and $2,711.11 (*see* Aug. 2019 Billing Record, ECF No. 78-3) is $6,633.31, not $6,703.31.

Accordingly, the Court respectfully recommends that the District Court award Defendant a reduced total of $6,633.31 in costs.

### III. CONCLUSION

For the reasons set forth *supra*, the Court recommends that the District Court GRANT Defendant's unopposed Motion to Liquidate the Sanction Awards and award the reduced amounts of $23,268 in fees, and $6,633.31 in costs.

---

[6] $100 * 9.3 hours = $930.
[7] $16,748 + $5,590 + $930 = $23,268.

IV. **OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x. 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                    /s/
                                Steven L. Tiscione
                                United States Magistrate Judge
                                Eastern District of New York

Dated: Central Islip, New York
       June 30, 2021